# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

**IN RE: AMANDA L. STOUDT**   CASE No. 20-00142

## MOTION FOR RELIEF FROM AUTOMATIC STAY AND FROM DISCHARGE INJUNCTION

**COMES NOW** the Undersigned counsel, representing Creditor Tara Weir and moves the court for relief from the 11 USC §524 injunction and in support states:

1. Before the filing of the Chapter 7 Petition by Debtor Amanda Stoudt, a state court lawsuit was filed by Tara Weir on November 30, 2018 against various defendants including the Debtor. The case was filed with the Iowa District Court for Linn County and was captioned as <u>Tara Weir v. Donald Varner, Amanda Stoudt, and United Fire & Casualty Company</u>, No. LACV091647. The lawsuit alleged Tara Weir was injured in a motor vehicle collision in which Defendant Varner, while intoxicated, negligently operated a vehicle owned by Debtor Stoudt, with Debtor Stoud'ts consent. An underinsured motorist claim is also being sought against Tara Weir's underinsurance carrier. The lawsuit alleges, in relevant part, that as the consent owner of a vehicle involved in the motor vehicle collision, Ms. Stoudt, was liable for the damages incurred by Tara Weir.

2. Jury trial of the lawsuit is set to occur on March 9, 2020.

3. Progressive Direct Auto has issued an insurance policy, covering the Debtors' liability, up to the coverage amount.

4. The other Defendants in the lawsuit have not sought bankruptcy relief. As such, the automatic stay does not stay any action against the non-bankrupt Defendants. C.H. Robinson Co. v Paris & Sons, Inc., 180 F.Supp2d. 1002, 1009 (N.D. Iowa) ("As a general proposition … automatic stay … applies only to bar actions against the debtor and does not extend to solvent co-defendants").

5. As to the Debtor, Movant intends to seek a judgment against the Debtor in the lawsuit, but Movant has no intention to and Movant will not pursue the Debtor personally. Rather, the Movant will only seek recovery from the insurance carrier that has issued coverage for the Debtor, and only up to the limit.

6. If and when the Debtor is granted a discharge, Movant should also be permitted to continue with the prosecution of the lawsuit to its completion, provided of course Movant will not seek to collect anything from the Debtor personally. Rather, the Movant will only seek recovery from the Debtor's carrier, up to the amount of the coverage, and also from the non-bankrupt Defendants

7. Ample caselaw supports Movant's posture. *See, e.g. In re Christian,* 180 B.R 548, 550 (Bankr. E.D. Mo. 1995) (tort plaintiff may continue to pursue Debtors post discharge, to the extent of insurance coverage); In re Lembke, 93 B.R. 701, 703 (Bankr. D.N.D. 1988) (same).

**WHEREFORE**, Movant seeks:

A. Relief from the automatic stay imposed by 11 U.S.C. §362 and from the Discharge Injunction to be imposed by §524, so as to permit Movant to pursue any and all remedies available to them in the lawsuit, as against the Debtors but only to the extent of insurance coverage, and to pursue any and all non-bankrupt Defendants and/or

B. An Order from this Court abstaining from the matter to be tried in the lawsuit in State Court.

**TRIAL LAWYERS FOR JUSTICE, P.C.**
421 W. Water St, Third Floor
Decorah, IA 52101
Phone: (563) 382-5071
Fax: (888) 801-3616
E-mail: matt@tl4j.com


By: */s/ Matt J. Reilly*
Matt J. Reilly  AT0006541