UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

IN RE:

AMANDA L. STOUDT,

　　　　Debtor.

CHAPTER 7 BANKRUPTCY
CASE NO. 20-00142

## OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY
## AND FROM DISCHARGE INJUNCTION (DKT. 8)

COMES NOW, the Debtor, Amanda L. Stoudt, by and through her attorney, Jeffrey P. Taylor of Klinger, Robinson & Ford, L.L.P., and for her Objection to Motion for Relief from Automatic Stay and From Discharge Injunction (Dkt. 8), respectfully states to the Court as follows:

1. The allegations contained in paragraph 1 of the Motion are admitted.

2. The allegations contained in paragraph 2 of the Motion are admitted.

3. The allegations contained in paragraph 3 of the Motion are admitted.

4. With regard to the allegations contained in paragraph 4 of the Motion, the Debtor denies no other defendants have sought bankruptcy relief for lack of knowledge, information or belief. The Debtor admits that the automatic stay issued pursuant to 11 U.S.C. §362 does not apply to the co-defendants in the state court litigation.

5. With regard to the allegations contained in paragraph 5 of the Motion, the Debtor has no objection to the Movant recovering the policy limits of $100,000 under the Progressive Insurance policy covering this accident. In fact, counsel for the Debtor in the state court litigation has tendered the $100,000 policy limits to counsel for Tara Weir on numerous occasions. More importantly, Progressive still stands ready, willing, and able to pay Ms. Weir the $100,000. Attached hereto and marked Exhibit A is a copy of the February 25, 2020 letter to one of Ms. Weir's attorneys again tendering the limit. Debtor also has no objection to this Court lifting the automatic stay to allow Ms. Weir to pursue the other state court defendants.

6. The Debtor objects to the lift of the automatic stay to pursue a judgment against her in state court. The entry of such judgment would negatively impact Amanda's future credit worthiness. It could influence future employers. Movant's issues are with Progressive, not the Debtor. Counsel has been advised the Movant contends Progressive acted in bad faith by not settling her claim earlier. This claim belonged to Amanda and now belongs to the bankruptcy estate. No judgment against the Debtor is required to pursue this claim under these facts. Should this Court grant Ms. Weir's Motion for Relief, the Order should be limited to allowing the Movant to collect the $100,000 from Debtor's insurance.

7. Bankruptcy law authorizes Ms. Weir to recover the proceeds from the Debtor's insurance carrier despite Amanda's discharge. Specifically, 11 U.S.C. §524(e) states, in part:

> "Discharge of a debt of the debtor does not affect the liability of any other entity on, or property of any other entity for, such debt."

While the Debtor has no objection to the entry of an Order confirming the Movant's right to receive payment from Progressive after the Debtor receives her discharge, counsel posits such an Order is not necessary given the above cited statute.

WHEREFORE, based upon the foregoing, the undersigned respectfully prays that this Court deny the Motion for Relief from Automatic Stay to the extent Ms. Weir seeks to pursue any action against the Debtor herein. The Debtor has no objection to the Court lifting the automatic stay to allow Tara Weir to seek and receive payment from Progressive Insurance for the tendered policy limits of $100,000 and pursue the other defendants. Finally, Debtor has no objection to the Court entering an Order confirming Ms. Weir's right to collect these proceeds after the Debtor receives her discharge pursuant to 11 U.S.C. §727.

CERTIFICATE OF SERVICE

This document was served electronically on all parties who receive electronic notice through CM/ECF as listed on CM/ECF's Notice of Electronic Filing and by regular mail to those listed below on _____2/27_____, 2020

By: _____

Jeffrey P. Taylor    AT0007718
KLINGER, ROBINSON & FORD, L.L.P.
401 Old Marion Road NE
P. O. Box 10020
Cedar Rapids, IA 52410-0020
(319) 395-7400
(319) 395-9041 (Facsimile)
jtaylor@krflawfirm.com

ATTORNEY FOR DEBTOR

Copy by mail:  Matt J. Reilly
               421 West Water Street, 3rd Floor
               Decorah, IA 52101

LUNECKAS LAW, P.C.
DARIN LUNECKAS
866 1ST AVE NE
SUITE A
CEDAR RAPIDS, IA 52402

**Underwritten By:**
**Progressive Universal Insurance**
**Company**

Claim Number: █████████
Loss Date:      December 5, 2017
Document Date: February 25, 2020
Page 1 of 1

**claims.progressive.com**
Track the status and details of your claim,
e-mail your representative or report a
new claim.

# Claim Information

This letter is written regarding the claim for Tara Wier and the accident that happened on December 5, 2017.

Please be advised we had previously offered to resolve this claim for $100,000 which is the policy limits. This offer remains open.

Let me know if we can resolve this matter for full and final settlement of $100,000.

Thank you for your time and attention.

LAURA TRYON
Claims Department
1-515-829-3902
1-800-PROGRESSIVE (1-800-776-4737)
Fax: 1-515-829-3925
ltryon1@progressive.com
Form Z587 XX (01/08) IA